FILED
SUPERIOR COURT
OF GUAM

2018 APR -4 AM 9: 54

CLERK OF COURT

BY:



# IN THE SUPERIOR COURT OF GUAM

TIMOTHY J. ROHR ) Domestic Case No. DM0505-17
)
Plaintiff, )
)
vs. ) **AMENDED DECISION AND ORDER**
)
LEONE R. WILLIAMS-ROHR )
)
Defendant. )
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on December 22, 2017 upon Defendant Leone R. Williams-Rohr's Motion to Dismiss. Plaintiff Timothy J. Rohr is represented by Attorney Gloria Lujan Rudolph.[1] Defendant Leone R. Williams-Rohr is represented by Attorney Seaton M. Woodley III. Having considered the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order denying Defendant's Motion to Dismiss.

## BACKGROUND

This matter arises out of Plaintiff Timothy J. Rohr's ("Plaintiff") September 20, 2017 Complaint for Divorce. On December 22, 2017, Defendant Leone R. Williams-Rohr ("Defendant") filed the present Motion to Dismiss, arguing that Guam is an inconvenient forum

---

[1] In this Court's initial Decision and Order (Apr. 2, 2018), it stated that Attorney Curtis Van de veld represented Plaintiff. While Attorney Van de veld submitted Defendant's Opposition to the Motion to Dismiss, Attorney Rudolph is Plaintiff's current attorney of record. See Substitution of Attorney and Entry of Appearance (Feb. 15, 2018).

for the present action and that the U.S. Virgin Islands is the appropriate forum under the first-to-file rule. Mot. at 1.

## FACTS

1. The parties were married on May 11, 1986 in St. Croix, U.S. Virgin Islands.

2. The marriage produced eleven children. Of these children, three are currently minors and one is an adult dependent due to developmental delays from autism.

3. Defendant departed Guam with two of the three minor children in June 2017 and relocated to the U.S. Virgin Islands. The parties dispute whether Defendant was forthright with respect to her intention to remain in the U.S. Virgin Islands permanently.

4. On September 20, 2017, Plaintiff filed a Complaint for Divorce with the Superior Court of Guam.

5. On November 14, 2017, Defendant filed a Complaint for Divorce in the U.S. Virgin Islands. This was served on Plaintiff on December 6, 2017.

6. On November 21, 2017, Plaintiff filed an Amended Complaint with the Superior Court of Guam. This was served on Defendant on December 6, 2017 (Plaintiff's original Complaint was never served on Defendant).

7. The Superior Court of the U.S. Virgin Islands issued an Entry of Default on January 30, 2018.

## ISSUES

1. Whether the first-to-file rule requires the present action to be dismissed by this Court and heard by the Superior Court of the U.S. Virgin Islands.

2. Whether the doctrine of *forum non conveniens* requires this Court to dismiss the case so that it can be held in a more convenient forum (the U.S. Virgin Islands).

## PRINCIPLES OF LAW

### The first-to-file rule

The first-to-file rule holds that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action. Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 96 n. 2 (9th Cir.1982). However, the Supreme Court of Guam has rejected a

strict application of the first-to-file rule. "[C]ourts should use their discretion when determining whether to observe the rule or allow another jurisdiction to proceed." Speicher v. Speicher, 2013 Guam 11 ¶ 20. In determining whether to observe the first-to-file rule, a court is to consider factors such as the prevention of multiple and vexatious litigation, judicial economy, the interests of the forum, and the convenience of the parties. Id. at ¶ 22.

In Ward v. Follett Corp., the U.S. District Court for the Northern District of California held that the amendment of a complaint does not have an effect on the first-to-file analysis, and therefore the date of the filing of the initial complaint is to be used for the purpose of determining chronology of filings. Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D.Cal.1994).

### *Forum Non Conveniens*

The Supreme Court of Guam ("Supreme Court") has held that whether to grant or deny a motion to dismiss on grounds of *forum non conveniens* involves the "weighing of a mix of private and public interests, keeping in mind that the plaintiff's choice of forum is usually to be respected." PCI Commc'ns, Inc. v. GST PacWest Telecom Haw., Inc., 1999 Guam 17 ¶ 41 (quoting Walter Fuller Aircraft Sales, Inc. v. Republic of the Philippines, 965 F.2d 1375, 1389 (5th Cir. 1992)). The Supreme Court included the following factors to be weighed in making this determination: "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; ... and all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. at ¶42.

Courts generally disfavor dismissal of cases pursuant to the doctrine of *forum non conveniens*. As the Court of Appeals for the Ninth Circuit has commented, "[f]orum non conveniens is an exceptional tool to be employed sparingly, not a doctrine that compels plaintiffs to choose the optimal forum for their claim." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002).

ANALYSIS

### The first-to-file rule.

Plaintiff filed his Complaint for Divorce in the Superior Court of Guam on September 20, 2017. Defendant filed her Complaint for Divorce in the U.S. Virgin Islands on November 14, 2017. Plaintiff then filed an Amended Complaint for Divorce on November 21, 2017.

Defendant seeks dismissal on grounds of the first-to-file rule, but fails to address the fact that Plaintiff's Complaint for Divorce was filed earlier than Defendant's Complaint. The Court adopts the reasoning of the U.S. District Court for the Northern District of California in the Ward decision and holds that the date of the initial complaint is the date to be used in a first-to-file analysis. For this reason, the first-to-file rule favors Plaintiff.

The Court notes that Plaintiff failed to serve his initial Complaint for Divorce upon Defendant and did not serve his Amended Complaint until December 6, 2017. This delayed service was, however, within 180 days from the filing of the initial complaint, and therefore timely under Guam Rule of Civil Procedure 4(m). The Court is not in a position at this time to determine that this delay in service was a litigation tactic conducted in bad faith.

*Forum Non Conveniens.*

**a. The relevant witnesses are primarily located on Guam.**

As a preliminary matter, the Court notes that neither party has identified specific witnesses who would be required to travel if the litigation were to take place in either of the two proposed jurisdictions.

Defendant argues that the U.S. Virgin Islands is the location of witnesses and support personnel. Two of the three minor children have been living in the U.S. Virgin Islands since June 2017, but previously had lived their entire lives on Guam. The Court notes that the two children are witnesses currently residing in the U.S. Virgin Islands. However, the marriage existed on Guam for many years prior to Defendant moving to the U.S. Virgin Islands in late August 2017, and it is likely that the majority of relevant witnesses will be located on Guam. It would presumably be prohibitively expensive to require these witnesses to appear in the U.S. Virgin Islands.

**b. The relevant evidence is primarily located on Guam.**

Plaintiff contends that nearly all relevant evidence exists in the jurisdiction of Guam, including the community property and debts held by the parties. Defendant states that relevant factors for the Court to consider include that Defendant has filed for child support and custody in the U.S. Virgin Islands, as well as sought police protection there. Defendant has failed to demonstrate how this evidence would be more easily obtained and presented if the litigation were to take place in the U.S. Virgin Islands.

### c. Guam is the home state of the children.

Both Guam and the U.S. Virgin Islands have adopted the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA"). Under the UCCJEA, a child's "*home state*" is the state or territory in which a child lived with a parent or a person acting as a parent for at least six months immediately before the commencement of a child custody proceeding. 7 GCA 39102(g)(2005). Both Plaintiff and Defendant had filed for divorce within six months of Defendant relocating to the U.S. Virgin Islands with the children in June 2017. The U.S. Virgin Islands therefore cannot be the home state of the minor children.

Further, the UCCJEA states that the Superior Court of Guam has jurisdiction to make an initial child-custody determination if Guam "was the home State of the child within six (6) months before the commencement of the proceeding and the child is absent from Guam but a parent or person acting as a parent continues to live in Guam." 7 GCA 39201(a)(1). In this case, Guam was the home state of the minor children within six months of the commencement of the proceeding and Plaintiff continues to live in Guam. The UCCJEA therefore requires this Court to retain jurisdiction of this matter.

### d. Interests of justice and the notions of fair play.

Defendant argues that Plaintiff has not proceeded with fair play. Defendant states that she attempted to discuss terms of an amiable divorce prior to leaving Guam, and that Plaintiff refused to agree to a divorce. Defendant posits that it would be unfair for Plaintiff to refuse to discuss divorce while Defendant is on Guam, and then force Defendant to litigate on Guam after she has moved to the U.S. Virgin Islands.

Defendant cites to Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947), in which the United States Supreme Court stated:

> There may also be questions as to the enforcibility [sic] of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Defendant claims that Plaintiff's motivation and agenda is to harass and oppress Defendant. Defendant bases this off her contention that Plaintiff refused to discuss an amiable divorce

while Defendant was on Guam, as well as her contention that Plaintiff was aware of the nature of Defendant's departure for the U.S. Virgin Islands. The Court acknowledges the concerns of the Defendant but also notes that these are disputed facts. The Court is not currently in a position to determine that Plaintiff has acted in bad faith, and therefore cannot dismiss this case on the basis of fair play.

After considering the relevant factors, the Court finds that that dismissal on *forum non conveniens* grounds is inappropriate in this matter. Accordingly, the Court will not disturb Plaintiff's choice of forum, and will not dismiss this matter at this time.

## CONCLUSION AND ORDER

Based on the forgoing, the Court finds that the present action does not require the Court to exercise the exceptional tool of *forum non conveniens* and that the facts do not support Defendant's contention that the first-to-file rule requires dismissal. Accordingly, Defendant's Motion to Dismiss is DENIED.

SO ORDERED, this ____3____ day of ___April___ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

... VIA COURT P...
... that a ... the
... was p... ... the
... ...
G. RUDOLPH
S. WOALEY
4/4/18

Page 6 of 6